IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| QURANT BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ARCONIC INC., | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Qurant Bryant files this, his Original Complaint, against Arconic, Inc. for violating federal and state law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Qurant Bryant, ("Plaintiff" or "Bryant"), is currently a citizen and resident of the State of Texas.

2. Defendant Arconic, Inc., ("Defendant" or "Arconic"), is a corporation, authorized to do business, and is doing business, in the State of Texas, with its principal offices being located in New York, New York. Defendant may be served through its registered agent for service, C T Corporation System, located at 1999 Bryan St., Ste.900, Dallas, Texas 75201.

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. Plaintiff filed a "Charge of Discrimination" with the Texas Workforce Commission/Texas Commission on Human Rights ("TCHR") and the Equal Employment Opportunity Commission ("EEOC") on or about February 26, 2018, alleging sexual harassment, and retaliation. On December 3rd, 2018, the EEOC issued its Notice of Right to Sue on this matter.

___

PLAINTIFF'S ORIGINAL COMPLAINT                                                              PAGE 1

5. This action is being commenced within the required time limits the Civil Rights Act of 1964, (as amended), 42 U.S.C. §§2000e *et. seq.* ("Title VII"), as (a) the Charge of Discrimination was filed within 300 days of the discrimination/termination/retaliation, and (b) this lawsuit is being filed within 90 days of the Notice of Right to Sue being issued by the EEOC.

6. This action is also being commenced within the required time limits of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE. §§ 21.001 *et. seq.,* in that (a) the Charge was filed with the TWC within 180 days of the actions being complained about in this suit, (b) this lawsuit is being filed after waiting more than 180 days from the date the Charge was filed with the TWC, and (c) this lawsuit is being filed within two (2) years of the date the Charge was filed with the TWC.

## II. FACTUAL BACKGROUND

7. In 2017, Bryant became employed by Arconic in the Casting Department iin Wichita Falls, Texas. From the very beginning of his employment some of his coworkers engaged in sexually offensive and unwanted advances towards him, including, but not limited to,(a) numerous requests by coworkers to engage in sexual relations and discussions about sex; (b) coworkers grabbing – and numerous attempts to grab – his penis; (c) coworkers sticking thumb in his buttocks; and (d) numerous comments by coworkers about the way Bryant looked, including discussions about his body. These actions occurred on a daily basis, and although he rebuked all of these sexual advances/harassment, it continued.

8. Bryant asked these sexually-harassing coworkers to stop on numerous occasions, but it continued. Bryant even went to his boss about this harassment, and although he said he would talk to the harassers, the sexual harassment continued. Bryant even asked for transfer to get away from these sexual harassers, but ultimately he was still required to work with them.

9. Bryant again complained to his supervisor – in December of 2017 – about the sexual harassment. Instead of properly address the situation, Bryant's supervisor asked him whether he would "rather be butt fuc*ed or suck a di*k.?" Bryant again explained his displeasure related to such comments.

10. Bryant – and other persons that refuse to engage in the sexual behavior – are (a) ostracized, (b) not provided help to do their job, (c) subject to having their projects sabotaged, (d) given undesirable work tasks, and (e) subjected to extremely hostile behavior. Bryant's coworkers even brag about retaliating against those that do not participate in the sexual harassment, or make complaints – as Bryant was specifically told that they could get him terminated if I do not go along.

11. Bryant's supervisor ultimately refused to address the sexual harassment, telling him that working at Arconic "is like a prison," and I just needed to go along with it or ignore it.

12. Rather than follow this advice, Bryant decided to bring his complaint of discrimination through the EEOC and TWC. Although some things did change after that complaint, Bryant continues to get retaliated against for having made complaints of illegal harassment/discrimination.

13. Bryant has been subjected to sexually harassment at work, and Arconic knew – or should have known – that that this harassment was occurring in the workplace, but they did nothing to prevent it from reoccurring.

14. Bryant was subjected to retaliation for failing to agree with – or acquiesce to – the sexual advances/harassment, and because he reported/opposed the sexual harassment.

___

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                                   **PAGE 3**

## III. <u>CAUSE OF ACTION-- VIOLATION OF TCHRA & TITLE VII</u>

15. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 14 as if fully stated herein.

16. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under Title VII and the TCHRA.

17. Defendant is an "employer" as defined by the TCHRA and Title VII.

18. Plaintiff is an "employee" as defined by the TCHRA and Title VII.

19. During the time that Plaintiff was employed by Defendant, he was subjected to severe and pervasive sexual harassment as defined by the TCHRA and Title VII, as well as retaliation for making complaints about the sexual harassment. These actions created a hostile-work environment, and affected the terms and conditions of Plaintiff's employment.

20. As described above, Defendant intentionally and willfully violated the TCHRA and Title VII by subjecting Plaintiff to sexual harassment in the workplace.

21. Even though Defendant knew – or should have known – that Plaintiff was being subjected to this sexually hostile work environment and retaliation, Defendant did nothing to prevent it from continuing.

22. Defendant does not have adequate policies or procedures in place to address the harassment, nor did they implement prompt remedial measures.

23. As a result of Defendant's violations of the TCHRA and Title VII, (as mentioned above), Plaintiff has suffered actual damages, mental trauma, loss of enjoyment of life, and other losses.

24. As a result of these willful and intentional violations of the TCHRA and Title VII mentioned above by Defendant, Plaintiff requests that they he be awarded all damages to which he is entitled, equitable and/or injunctive relief, and attorney fees and costs.

___

## V. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including any lost wages and benefits, the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages, (including, but not limited to, mental anguish and loss of enjoyment of life), in the maximum amount allowed by law;

c. Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the TCHRA and Title VII;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Costs of suit, including attorney's fees and other costs; and

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted by:

**/s/ Robert (Bobby) Lee**
Robert (Bobby) Lee
State Bar No. 00787888
lee@l-b-law.com
Megan Dixon
State Bar No. 24079901
dixon@l-b-law.com
Meagan Whitley
State Bar No. 24088629
whitley@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**

_____
**PLAINTIFF'S ORIGINAL COMPLAINT**                                                              **PAGE 6**