IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION



| | | |
|---|---|---|
| QURAN BRYANT, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | Civil Action No. 7:18-cv-00180-BP |
| ARCONIC, INC., | | |
| Defendant. | | |

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which

those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

The parties have agreed, or stipulated the following:

1. Mr. Bryant is an "employee" of Arconic, Inc. as defined by Title VII of the Civil Rights Act of 1964 ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA").

2. Arconic, Inc. is an "employer" as defined by Title VII and the TCHRA.

3. Mr. Bryant timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission Civil Rights Division ("TWC-CRD").

4. Arconic, Inc. has over 500 employees.

5. During his training period, Mr. Bryant was assigned to Third Shift (overnight shift) and reported to Third Shift Department Manager Johnny Bailey.

This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved.

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Mr. Bryant has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not

so. If you find that Mr. Bryant has failed to prove any element of his claims by a preponderance of the evidence, then he may not recover on that claim.

**EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**EXHIBITS**

Certain exhibits such as timelines or charts have been shown to you for purposes of illustration only. They are used by a party to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection. These exhibits are not evidence or proof of any facts. You should determine the facts from the evidence.

**WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witness, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in light of the circumstances. Has the witness been contradicted by other credible evidence?

Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if not contradicted by direct or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence tending to show that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**PREJUDICE**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**NO INFERENCE FROM FILING SUIT**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**SEXUAL HARASSMENT**

Mr. Bryant claims he was sexually harassed by his co-workers and that his employer, Arconic, Inc., knew, or in the exercise of reasonable care should have known, of the harassment but did not take prompt remedial action.

Arconic, Inc. denies Mr. Bryant's claims and contends that he was not subjected to harassment by his co-workers based on his sex. Arconic, Inc. further contends that, once it was made aware of Mr. Bryant's allegations, it took prompt remedial action that was reasonably calculated to put an end to any alleged harassment.

It is unlawful for an employer to discriminate against an employee because of the employee's sex/gender. This includes sexual harassment.

It is unlawful for an employer to fail to take remedial action when the employer knew, or should have known, that a co-worker sexually harassed an employee because of that employee's sex.

For Arconic, Inc. to be liable for sexual harassment, Mr. Bryant must prove by a preponderance of the evidence that his co-workers engaged in sexual harassment because of Mr. Bryant's sex and:

1. the conduct was sufficiently severe or pervasive to:

    a. alter the terms or conditions of Mr. Bryant's employment; and

      b.    create a hostile or abusive work environment; and

2. Arconic, Inc. knew, or in the exercise of reasonable care should have known, that Mr. Bryant was being sexually harassed. To make this showing, Mr. Bryant must prove that:

      a.    the harassment was known by or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or the harassment was so open and obvious that Arconic, Inc. should have known of it; and

      b.    Arconic, Inc. failed to take prompt remedial action designed to stop the harassment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Mr. Bryant's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with Mr. Bryant's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on sex. Although sexual harassment must be based on sex, it need not be motivated by sexual desire. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to sex, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct because of Mr. Bryant's sex may be sufficiently extreme to alter the terms and conditions of

employment.

In determining whether a hostile work environment existed, you must consider the evidence from both Mr. Bryant's perspective and from the perspective of a reasonable person. First, Mr. Bryant must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Mr. Bryant would find the conduct offensive.

"Prompt remedial action" is conduct by the employer that is reasonably calculated to stop the harassment and remedy the situation. Whether the employer's actions were prompt and remedial depends on the facts. You may look at, among other things, the effectiveness of any actions taken.

**DAMAGES**

If you found that Arconic, Inc. violated Title VII and/or the TCHRA, then you must determine whether it has caused Mr. Bryant's damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Mr. Bryant has proved liability.

Mr. Bryant must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Mr. Bryant need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: the amount of damages sustained by Mr. Bryant such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

To recover compensatory damages for mental and emotional distress, Mr. Bryant must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Mr. Bryant must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Mr. Bryant for the harm he has sustained.

**PUNITIVE DAMAGES**

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

If you find that Arconic, Inc. is liable for the injuries of Mr. Bryant, you may also award punitive damages if Mr. Bryant has proved by a preponderance of the evidence that Arconic, Inc. acted with malice or reckless indifference to Mr. Bryant's right not to be subjected to sexual harassment or discrimination.

You may not award punitive damages against Arconic, Inc. unless you find that Mr. Bryant has proven that an Arconic, Inc. employee, agent, director, or officer was employed in a position of managerial capacity, acted within the scope of employment and acted with malice or reckless

indifference to Mr. Bryant's right not to be subjected to a sexually hostile work environment. An action is taken with malice if a person knows that it violates federal law prohibiting discrimination and does it anyway. An action is taken with reckless indifference if with knowledge that certain conduct violates the law, fails to take curative action. If you determine that Arconic, Inc.'s conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.

If Mr. Bryant has proved these facts, then you may award punitive damages, unless Arconic, Inc. proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether Arconic, Inc. made good-faith efforts to prevent sexual harassment in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employees on the antidiscrimination laws, how it responded to Plaintiffs' complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Arconic, Inc. acted with malice or reckless indifference to Mr. Bryant's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Mr. Bryant is entitled to receive, you may, but are not required to, award Mr. Bryant an additional amount as punitive damages for the purposes of punishing Arconic, Inc. for engaging in such wrongful conduct and deterring Arconic, Inc. and others from engaging in such conduct in the future. You should presume that Mr. Bryant has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Arconic, Inc.'s conduct was. You may consider whether the

harm Mr. Bryant suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Arconic, Inc's conduct that harmed Mr. Bryant also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Mr. Bryant.

2. How much harm Arconic, Inc.'s wrongful conduct caused Mr. Bryant and could cause him in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Arconic Inc.'s financial condition, to punish Arconic, Inc. for its conduct toward Mr. Bryant and to deter Arconic, Inc. and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Mr. Bryant.

# JURY QUESTIONS

## Question No. 1

Did Mr. Bryant's co-workers sexually harass Mr. Bryant because of his sex?

Answer "Yes" or "No."

Answer: ___Yes___

If you answered "Yes," then answer Question No. 2. If you answered "No," then go immediately to the last page and sign the verdict.

## Question No. 2

Did Arconic, Inc. know, or in the exercise of reasonable care should Arconic, Inc. haveknown, that Mr. Bryant was being sexually harassed because of his sex?

Answer "Yes" or "No."

Answer: ___Yes___

If you answered "Yes," then answer Question No. 3. If you answered "No," then go immediately to the last page and sign the verdict.

## Question No. 3

Did Arconic, Inc. fail to take prompt remedial action?

Answer "Yes" or "No."

Answer: ___Yes___

If you answered "Yes," then answer Question No. 4. If you answered "No," then go immediately to the last page and sign the verdict.

**Question No. 4**

What sum of money, if paid now in cash, would fairly and reasonably compensate Mr. Bryant for the compensatory damages, if any, you have found Arconic, Inc's wrongful conduct, if any, caused Mr. Bryant?

Answer in dollars and cents for the following items, and no others:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $ __50,000__

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $ __0__

If you filled in an amount in either blank, then answer Question No. 5. If you did not fill in an amount in either blank, then go immediately to the last page and sign the verdict.

**Question No. 5**

Do you find that Mr. Bryant should be awarded punitive damages?

Answer "Yes" or "No."

Answer: __NO__

If you answered "Yes," then answer Question No. 6. If you answered "No," then go immediately to the last page and sign the verdict.

**Question No. 6**

What sum of money should be assessed against Arconic, Inc. as punitive damages?

Answer in dollars and cents:

$ _____

## DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs because the other jurors think differently, or just to finish the case. Remember at all times, you are the judges of the facts.

When you go into the jury room to deliberate, you may take a copy of this charge and the exhibits that I have admitted into evidence. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED** on March 31, 2021.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| QURAN BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00180-BP |
| | § | |
| ARCONIC, INC., | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE

We, the Jury, have answered the Jury Questions and return them to the Court as our verdict.

_____
PRESIDING JUROR

Signed this  31  day of March 2021.